Danielle P. Light, Esq.
**HASBANI & LIGHT, P.C.**
Attorneys for Plaintiff
450 Seventh Ave, Suite 1408
New York, NY 10123
(646) 490-6677
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINDWARD BORA, LLC,<br><br>      Plaintiff,<br><br> -against-<br><br>IRWIN FEINSTEIN, MERRICK WOODS, ASTORIA BANK, 21ST MORTGAGE CORPORATION AS MASTER SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE FOR KNOXVILLE 2012 TRUST AT 620 MARKET STREET, SUITE 100, KNOXVILLE, TN 37902, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,<br><br>      Defendants. | **Complaint for a Civil Case**<br><br>Case No. 18-2029 |

  WINDWARD BORA, LLC ("Plaintiff"), by and through its attorneys Hasbani & Light, P.C., complains of the Defendants, upon information and belief, as follows:

**NATURE OF THE ACTION**

  1. This is an action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1501(4) to discharge a Mortgage dated August 30, 2007 and recorded in the Office of the County Clerk, County of Nassau, on November 5, 2007 in Book/Real/Liber: M 32478 Page: 693 (the "Disputed Mortgage") securing the repayment of a note dated August 30,

2007 for the principal sum of $523,200.00 against real property known as 2848 Lindale Street, Wantagh, NY 11793 in the State of New York, County of Nassau (the "Subject Premises").

2.  Defendant, 21st Mortgage Corporation as Master Servicer for Christiana Trust, A Division of Wilmington Savings Fund Society, FSB as Trustee for Knoxville 2012 Trust at 620 Market Street, Suite 100, Knoxville, Tn 37902 ("Defendant"), previously commenced a foreclosure action in 2006 in the Supreme Court for the State of New York, County of Nassau and participated in settlement conferences before the Court until December 2010. The case was marked disposed in October 2012. Since that date, there has been no advancement of Defendant's right to foreclose and that right expired about five and a half years ago, in December 2012.

3.  For these reasons, the Disputed Mortgage must be discharged pursuant to RPAPL Section 1501(4).

**PARTIES**

4.  Plaintiff is a limited liability company organized under the laws of the State of Delaware. Plaintiff is a single-member limited liability company, whose sole member, Yonel Devico, is a citizen of the Kingdom of Morocco. Devico is lawfully admitted for nonpermanent residence in the United States and is residing in the State of Florida. For the purposes of diversity, Plaintiff is a citizen of Morocco.

5.  Plaintiff is the mortgagee of the Subject Premises by a Mortgage dated April 13, 2006 in the amount of $130,800.00 and recorded on April 27, 2006 in the Office of the Nassau County Clerk under Book: M 30415, Page: 426.

6.  Defendants, Irwin Feinstein, Merrick Woods, Astoria Bank and New York State Department of Taxation and Finance have an interest in the Subject Premises by virtue of liens and/or judgments recorded against the Subject Premises. These aforementioned Defendants are

citizens of New York. Defendant is a trustee of a trust with its principal place of business in Delaware. Upon information and belief, Defendant is the holder and assignee of the Disputed Mortgage by virtue of an Assignment of Mortgage dated July 15, 2015, and recorded in the Office of the County Clerk, County of Nassau, on August 3, 2015 at Book: M 30415 Page: 404.

## JURISDICTION AND VENUE

7. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Subject Premises is located in this District.

## GENERAL ALLEGATIONS

9. On April 13, 2006, MARC E. RYBACKI and LISA M. RYBACKI ("Borrowers") borrowed the sum of $523,200.00 by a note dated the same day. To secure said loan, Borrowers executed the Disputed Mortgage in favor of Mortgage Lenders Network USA, Inc., to be recorded against the Subject Premises. Attached hereto as **Exhibit A** is a true and correct copy of the Disputed Mortgage.

10. The Borrowers agreed to repay the loan pursuant to the terms of the Note.

11. The Disputed Mortgage was assigned from Mortgage Lenders Network USA, Inc. to U.S. Bank National Association, as Trustee by Assignment of Mortgage dated August 30, 2007 and recorded in the Office of the County Clerk, County of Nassau, on November 5, 2007 in Book: M 30415 Page: 404. Attached hereto as **Exhibit B** is a true and correct copy of the Assignment of Mortgage.

12. The Disputed Mortgage was then assigned from U.S. Bank National Association, as Trustee to Defendant by Assignment of Mortgage dated July 15, 2015, and recorded in the Office of the

County Clerk, County of Nassau, on August 3, 2015 at Book: M 30415 Page: 404. Attached hereto as **Exhibit C** is a true and correct copy of the Assignment of Mortgage.

13. On December 13, 2006, Defendant commenced an action to foreclose the Disputed Mortgage in the Supreme Court for the State of New York, County of Nassau bearing Index Number 20993-2006 ("Foreclosure Action"). Attached hereto as **Exhibit D** is a true and correct copy of the Affidavit of Defendant from the Foreclosure Action. The Affidavit alleges that Borrowers defaulted on the Mortgage and Note by failing to tender the payments due for August 1, 2006 and thereafter. *See* **Exhibit D**. Settlement conferences were held in the case pursuant to CPLR § 3408 until December 7, 2010. Attached hereto as **Exhibit E** is a true and correct copy of the Nassau County Clerk's Minutes.

14. On October 22, 2012, after about two years of inactivity in this case, the Supreme Court for the State of New York, County of Nassau, marked the case "Disposed." **Exhibit E**.

15. At the very latest, the six-year statute of limitations to foreclose on the Disputed Mortgage expired on December 13, 2012, about five and a half years ago. CPLR § 213. Since Defendant is barred from commencing a new foreclosure action under CPLR § 213, the Disputed Mortgage must be discharged of record pursuant to RPAPL § 1501(4).

## CAUSES OF ACTION

### DISCHARGE OF MORTGAGE

16. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

17. Pursuant to RPAPL § 1501 (4):

Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien,

has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.

18. In New York, the statute of limitations to foreclose on a mortgage is six (6) years. CPLR § 213(4).

19. Borrowers have not made a payment since August 1, 2006 and the Foreclosure Action to foreclose on the Disputed Mortgage has been disposed. **Exhibit D**. Defendant's time to commence a new action expired and is outside the six (6) year statute of limitations. The six (6) year statute of limitations expired at the very latest by December 13, 2012.

20. That any estate or interest that Defendant ever had or claims to have had in the Subject Premises or in any part thereof and any and all Mortgage and Notes or Assignments thereof to Defendant are now null and void and of no force and effect as against the estate and interest of Plaintiff in the Subject Premises.

21. That Defendant is not an infant or under any other disability.

22. That the Judgment in this action will not affect the person not being or ascertained at the commencement of this action who by any contingency contained in a devise or grant, or otherwise could afterward become entitled to a beneficial estate or interest in the Subject Premises.

**WHEREFORE**, WINDWARD BORA, LLC respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against U.S. Bank as Trustee as follows:

1. Defendant and every person or entity claiming under it be forever barred from all claims to an estate or interest in the Subject Premises;

2. The Clerk of the County of Nassau be directed to cancel and discharge of record the Disputed Mortgage dated April 13, 2006;

3. That Plaintiff be awarded Attorneys' Fees, Costs and Disbursements for this Action; and

4. Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
April 5, 2018

                                           */s/ Danielle P. Light*
                                           Danielle P. Light, Esq.
                                           *Counsel for Plaintiff*